FILED

2011 Aug-10  PM 03:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED

2011 AUG 10 PM 3:35

U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DARYL BURCHFIELD** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **Plaintiff,** | ) | CV-11-P-2816-S |
| | ) | |
| **v.** | ) | |
| | ) | |
| **INDUSTRIAL CHEMICALS, INC.** | ) | **PLAINTIFF DEMANDS** |
| | ) | **TRIAL BY STRUCK JURY** |
| **Defendant.** | ) | |

## COMPLAINT

### I.   JURISDICTION AND VENUE

1.   This action is brought to redress Defendant's unlawful retaliation against Plaintiff based on Plaintiff's opposition to Defendant's unlawful employment practices and Plaintiff's participation in EEOC proceedings, which is part of Defendant's pattern and practice of unlawful retaliation against its employees who oppose Defendant's unlawful employment practices and who participate in EEOC proceedings.

2.   This action is brought pursuant to section 704(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a) and 42 U.S.C. § 1981, as amended.

3.   This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

4.     Venue is proper in this Division of this District pursuant to 28 U.S.C. § 1391(b), as Plaintiff worked for Defendant, and the events giving rise to Plaintiff's claims occurred, in this division of this District.

## II.    PARTIES

5.     Plaintiff, Daryl Burchfield, is an adult resident of Jefferson County, Alabama.

6.     Defendant Industrial Chemicals, Inc. is a domestic limited liability company organized and doing business in Jefferson County, Alabama and elsewhere.

## III.    ADMINISTRATIVE PROCEEDINGS

7.     Plaintiff is not required to file an EEOC charge regarding his Title VII claim of retaliation that Defendant retaliated against him by stopping and withholding payments of severance pay, in retaliation for Plaintiff having filed a prior charge with the EEOC, a copy of which is attached as Exhibit A.  See Gupta v. Florida Board of Regents, 212 F.3d 571 (11th Cir. 2000).

8.     Plaintiff has not yet satisfied all administrative prerequisites to maintaining a suit under Title VII on his claim of retaliatory discharge, but Plaintiff intends to add a claim for retaliatory discharge upon his satisfaction of all those administrative prerequisites.

## IV.    FACTS

9.     Plaintiff began his employment with Defendant in 2006.

10.     Plaintiff worked for Defendant as a supervisory employee.

11.     On July 18, 2011, Defendant terminated Plaintiff's employment.

2

12.     Prior to the termination of Plaintiff's employment, Plaintiff had opposed an employment practice of Defendant that Plaintiff reasonably believed to be unlawful, and which was unlawful, under Title VII.

13.     That unlawful practice was embodied in an official policy of Defendant as expressed in a memorandum that prohibited Defendant's employees from contacting "Federal officials." A copy of that memorandum is attached as Exhibit B.

14.     Plaintiff was forced to sign that memorandum despite his objections and opposition to it.

15.     In connection with the termination of his employment on July 18, 2011, Plaintiff was told by a manager of Defendant (the facility manager, who was Plaintiff's direct and immediate superior in Defendant's management) (a) Plaintiff would receive severance pay of one-half of his regular salary through September of this year and (b) that Chip Welch (Defendant's overall manager and owner) had approved payment of that severance pay.

16.     Defendant's regular pay days are weekly – every Thursday.

17.     On Thursday, July 28, 2011 – the first Thursday after the termination of his employment and after his previously-earned full pay had been paid – Plaintiff received, by direct deposit, Defendant's payment of half of his regular salary, for one week, as a severance payment.

3

18.   Plaintiff filed his EEOC charge late in the afternoon on July 25, 2011, and in due course after EEOC processing, Defendant received notice of Plaintiff's EEOC charge by mail from the EEOC.

19.   The next week on Thursday, August 4, 2011, the first pay day after Defendant received notice of Plaintiff's EEOC charge, Defendant did not pay any severance pay to Plaintiff.

20.   The day before Thursday, August 4, 2011, when Plaintiff was due to receive his next severance payment, Chip Welch ordered Defendant's payroll staff to not pay Plaintiff any more severance pay.

21.   Succinctly summarizing the sequence of events (all in this year, 2011):

a.   **JULY 18**: Plaintiff's employment is terminated and Plaintiff is told by his facility manager he would be paid weekly severance pay of one-half of Plaintiff's regular salary;

b.   **JULY 21**: Plaintiff receives his last full paycheck for his prior work.

c.   **JULY 25**: Plaintiff files his EEOC charge late in the afternoon. A copy of that charge is attached as Exhibit A.

d.   **JULY 28**: Before Defendant received notice of Plaintiff's EEOC charge, Plaintiff receives the first payment of the severance pay he was told he would get, via direct deposit on this Thursday, which is Defendant's regular weekly pay day;

4

e. **AUGUST  3**: On this Wednesday, after Defendant received notice of Plaintiff's EEOC charge, and **the day before** the next pay day, which was the very next day, Welch complained that Plaintiff "would stoop so low" by filing an EEOC charge; and Welch directs Defendant's payroll staff to stop paying Plaintiff's severance pay.

f. **AUGUST  4**; On this Thursday, the regular weekly pay day, Defendant does not pay Plaintiff his severance pay, and Plaintiff has not received any severance pay since the first payment he received on July 28, before Defendant received notice Plaintiff had filed his EEOC charge.

## V.    COUNT I – RETALIATORY REFUSAL TO PAY SEVERANCE

22.    Plaintiff reasserts all allegations above.

23.    Defendant refused to pay Plaintiff severance pay based on Plaintiff's filing his EEOC charge (Exhibit A) against Defendant.

24.    As a result of Defendant's retaliatory refusal, Plaintiff has suffered monetary damages, mental anguish, emotional distress, and irreparable harm.

25.    Wherefore, Plaintiff demands a judgment against Defendant for and including

a.    compensatory and punitive damages;

b.    a declaratory judgment that Defendant's failure and refusal to pay Plaintiff severance pay violates §703(a) of Title VII of the Civil Rights Act of 1964, 42 USC §2000e-3(a) and 42 USC § 1981, as amended.

5

c.    a temporary restraining order, preliminary and permanent injunctions prohibiting Defendant, and those acting in concert with Defendant, from not paying Plaintiff's severance pay and from otherwise unlawfully retaliating against Plaintiff in violation of §703(a) of Title VII of the Civil Rights Act of 1964, 42 USC §2000e-3(a) and 42 USC § 1981, as amended.

d.    an award of Plaintiff's reasonable attorneys' fees and expenses, plus costs and any other relief deemed appropriate by the Court.

Respectfully submitted,

Barry V. Frederick (FRE017)

OF COUNSEL:

**THE FREDERICK FIRM**
5409 Trace Ridge Lane
Birmingham, Alabama 35244
(205) 739-0043 phone
(205) 739-0044 fax
Barry@frederickfirm.net

SERVE DEFENDANT VIA CERTIFIED MAIL:

Industrial Chemicals, Inc.
c/o Registered Agent:  William L. Welch
2042 Montreat Drive
Birmingham, Alabama 35218

# Exhibit A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 420-2011-02415 |

| | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Daryl L. Burchfield** | ███████ | ███████ |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| ███████ | | **Redacted** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **INDUSTRIAL CHEMICALS** | **201 - 500** | **(205) 823-7330** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2042 Montreat Drive, Birmingham, AL** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| **09-03-2010** | **07-18-2011** |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am a White male. I was hired by the above employer in November 2006 as a manager. Since September 3, 2010, I have been subjected to intimidation with the loss of my job from my supervisor if I contacted any federal agency or the corporate office concerning any problem that I might have at the work site. In March 2011, a co-worker was terminated for assisting an employee with filing an EEOC charge. He filed an EEOC charge. I told my manager that I would support him with his charge. I also told my manager that it was not right that we were made to sign the letter about not contacting any federal agency that we had a right to contact who ever we needed when we had a problem. On July 14, 2011, a driver that I had counseled on several occasions came into the office threw his keys down and quit. He went to the corporate office and told the owner that he would participate in the EEOC investigation of the coworker if he did not fire me. On July 14, 2011, I contacted the corporate office about the employee who quit. On July 18, 2011, I was terminated.

The reason given for the action was mismanagement according to Roy Davis, Facility Manager.

I believe I was discriminated against in retaliation for having complained about the discriminatory treatment of being force to sign a letter that I would not contact any federal agency or the corporate office and stating that I would assist a co-worker with his EEOC charge, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>**RECEIVED**<br>**JUL 25 2011**<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*<br>**U.S. EEOC**<br>**Birmingham District Office** |
| **Jul 25, 2011** _____<br> Date              Charging Party Signature | |

# Exhibit B

## Operating Standards for Supervisor's at Birmingham
## TEAM CONCEPT

1. A 10 hour work day (50 hour week) is standard for salaried persons ( A lunch period of 1 hour is expected) SOME personal business is expected we will remain flexible if not abused.

2. If you leave the campus during operating hours for other than your lunch period, you must let me know. Stay here except for lunch and Emergencies when I am not at the facility.

3. We are a team. Respect the other supervisor's men. Do not speculate, discuss or hint at any management decisions. **Never be negative about the company's policies to hourly employees. NEVER down another supervisor, manager or other employee to hourly employees. These type of discussions are limited to other supervisors and the facility manager.**

4. It is not your place to call Federal officials, managers at the corporate office or the owners of our company about anything. That is my job and if you do it without my permission, you will be terminated. If you have a complaint about me and you have given me a chance to solve the problem, go over my head to the company owner. If this is done without my knowledge, you will be terminated.

5. We will attempt to move like jobs toward like pay amounts with an agreed upon starting amount and a top out. This keeps the feeling of unfairness down and helps morale. We will be **SLOW TO HIRE AND QUICK TO FIRE.** Also, we will not hire from employee recommendations. It never works.

6. Put down any negativity that you hear. Report it to me. You are on OUR side. If there is a problem with your men that is justified, come to me and we will resolve it. If there is bad news to give, let me be the one to dish it out. THAT'S WHAT I GET PAID TO DO. LISTEN TO YOU BITCH AND HELP YOU SOLVE PROBLEMS.


I UNDERSTAND WHAT HAS BEEN SAID IN THIS MEETING AND AM A PARTY
TO AND WITNESS OF WHAT WAS SAID BY MY MANAGER ROY DAVIS

9/3/2010